No. 2665.

Susano Castillo *v.* The State.

Horse Theft—Fact Case.—See the statement of the case for evidence *held* insufficient to support a conviction for horse theft.

Appeal from the District Court of Webb. Tried below before the Hon. J. C. Russell.

The conviction in this case was for the theft of a horse, the property of Alejandro Guzman, and the penalty assessed against the appellant was a term of five years in the penitentiary.

Alejandro Guzman was the first witness for the State. He testified that he lived at his ranch near the Aguelares depot, in Encinal county, Texas. On December 20, 1887, he loaned a mare to Mrs. Paula Orosco, for the purpose of sending Ramon Alexander to Laredo after provisions. The mare was to have been returned in three days. Neither Mrs. Orosco nor Ramon Alexander ever returned the mare. The mare was reported to have been stolen from a field near Laredo. In consequence of a letter he received from Mrs. Orosco, the witness went to the place of Mateo Salazar, in Webb county, and received the animal from the hands of Salazar. This was on the ninth day of April, 1888. Between December 20, 1887, and April 9, 1888, the witness twice saw the defendant, but on neither occasion did defendant say anything to him about the mare.

On cross examination, this witness testified as follows: "About January 4, 1888, I made an arrangement with Mrs. Orosco about the mare. The arrangement was that if the mare did not turn up, she was to pay me twelve dollars if she could, and if she could not, then she was to pay me nothing. No time was set when she was to pay. If she had paid the twelve dollars by April 1, it would have been her mare, and I would have had no right to claim it. I testified in a justice's court that if she had the money, she was to pay in March. I began to look for the mare on April 9. I did not look for her before that time. I had not sold the mare to Mrs. Orosco. I had agreed

to take twelve dollars if the mare did not turn up, but was to claim it if it did turn up. If Mrs. Orosco had paid the twelve dollars by April 9, I would not have claimed the mare."

Ramon Alexander testified, for the State, that he was the son of Mrs. Orosco and the nephew of defendant. Mrs. Orosco sent witness to Laredo, on Guzman's mare, to get provisions. On reaching Laredo, the witness, as he customarily did, went to the defendant's house to stop. On his arrival at defendant's house, defendant told a man to take the mare to a field. Three days afterward defendant told witness that the mare had been stolen. Witness did not then tell defendant whose mare it was, but defendant must have often seen the animal at Guzman's ranch and must have known it. Defendant designated no particular field when he sent the mare off. The witness had frequently stopped at defendant's house, and on such occasions his horse was generally sent to Marcella Garcia's field. The witness did not consent for defendant to sell the mare.

Mrs. Paula Orosco testified, for the State, that she borrowed the mare from Guzman, and sent her son, Ramon Alexander, to Laredo, to be gone three days. She never afterwards saw the animal. In April, 1888, a boy told witness that he saw the mare at defendant's house, in possession of a son of Mateo Salazar, and she wrote Guzman to go and get the animal. Witness never gave defendant authority to sell the mare.

Cross examined, the witness said that, on January 4, 1888, she and Guzman met at defendant's house in Laredo, and she then told Guzman that, as she was responsible for the loss of the animal, she would pay him for it. Guzman said he would settle the matter for twelve dollars. The witness could not say that defendant knew about that arrangement, but his wife was present when it was made. Under the said arrangement witness was to pay for the animal in instalments, but if it "turned up" then she was not to pay for it. Defendant, who was the witness's son-in-law, was authorized to sell any property belonging to the witness. He had no authority to sell the mare, because witness had not paid for it. Defendant never informed witness that he had found and sold, or otherwise disposed of, the animal.

Mateo Salazar testified, for the State, that he bought the Guzman mare from defendant, in Laredo, about the middle of February. Defendant said that the animal belonged to his

mother-in-law.    Guzman afterwards claimed and took the animal, J. Y. Sanchez being present at the time.

The State closed.

Deputy Sheriff J. Y. Sanchez testified, for the defense, that he arrested defendant on the charge of stealing the Guzman mare.    When arrested, defendant told witness that he thought he had a right to sell the mare, because his mother-in-law had paid or was to pay for the animal.

The wife of the defendant testified, in his behalf, that she was present on January 4, 1888, and heard the arrangement between Guzman and Mrs. Orosco about the mare.    She informed the defendant of that arrangement some time before defendant sold the animal to Salazar.

*Nicholson & Dodd*, for the appellant.

*W. L. Davidson*, Assistant Attorney General, for the State.

HURT, JUDGE.    This conviction is for theft of a horse.    We have very carefully examined the facts of this case, and are of opinion that they do not support the conviction, and we are not willing to sanction it, believing that to do so would be dangerous to the liberty of the citizen.    The judgment is reversed and the cause remanded for a new trial.

*Reversed and remanded.*